UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

LORRAINE ATENCIO,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, LORRAINE ATENCIO, is a citizen of Colorado.

2. Defendant, CARNIVAL CORPORATION, is a corporation incorporated under the laws of Panama having its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Miracle*.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Miracle.*

8. On or about April 12, 2015, the Plaintiff was a paying passenger on Defendant's vessel, which was in navigable waters.

9. On or about April 12, 2015, the Plaintiff was severely injured when she slipped and fell on a wet, slippery and/or hazardous flooring surface on the Lido Deck.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through nine (9) as though alleged originally herein.

10. It was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

11. On or about April 12, 2015, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

12. On or about April 12, 2015, the Plaintiff was injured due to the fault and/or negligence of Defendant and/or its agents, servants, and/or employees as follows:

a. Failure to maintain the subject area in a clean and dry condition; and/or

b. Failure to adequately and regularly inspect the subject area for wet and slippery

conditions; and/or

    c. Failure to adequately and regularly monitor the subject area to maintain it free of wet and slippery conditions; and/or

    d. Failure to regularly and adequately clean the subject area; and/or

    e. Failure to close off and/or place warning signs on or around the wet and slippery areas on the deck; and/or

    f. Failure to warn the Plaintiff of the wet and slippery condition of the subject deck; and/or

    g. Failure to warn the Plaintiff of the risks and/or dangers associated with the wet and slippery condition of the subject deck; and/or

    h. Failure to warn passengers and the Plaintiff of other slip and fall accidents previously occurring on same deck; and/or

    i. Failure to instruct passengers and the Plaintiff concerning footwear; and/or

    j. Failure to correct hazardous deck conditions following other slip and fall accidents on the same deck; and/or

    k. Failure to utilize adequate safe flooring surface in light of the anticipated purpose of the deck; and/or

    l. Failure to have a non-slip or non-skid flooring surface on or around the subject area; and/or

    m. Failure to place rubber mats or other non-slip coverings or substance on or around the subject area; and/or

    n. Failure to adequately test the coefficient of friction and slip resistance of the deck surface before opening it up to passengers and the Plaintiff;

13. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff slipping and falling on a wet, slippery

and/or hazardous flooring surface on the Lido Deck.

14. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

15. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and her working ability has been impaired.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jason R. Margulies*
**JASON R. MARGULIES**
Florida Bar No. 57916
E-mail: jmargulies@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
E-mail: jgarcell@lipcon.com